Robert P. Goe – State Bar No. 137019
Marc C. Forsythe – State Bar No. 153854
Elizabeth A. LaRocque – State Bar No. 219977
Jonathan D. Alvanos – State Bar No. 276206
**GOE & FORSYTHE, LLP**
18101 Von Karman Avenue, Suite 510
Irvine, CA 92612
rgoe@goeforlaw.com
mforsythe@goeforlaw.com
elarocque@goeforlaw.com
jalvanos@goeforlaw.com

Telephone: (949) 798-2460
Facsimile: (949) 955-9437

FILED & ENTERED

SEP 17 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY toliver    DEPUTY CLERK

CHANGES MADE BY COURT

Attorneys for Secured Creditor, EXB Holdings 2, LLC's, a California Limited Liability Company, as successor in interest to EH NATIONAL BANK, f/k/a/ EXCEL NATIONAL BANK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| *In re*<br><br>MJM MANAGEMENT, LLC,<br><br>Debtor. | Case No. 2:13-bk-28734-TD<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW GRANTING EXB'S MOTION FOR RELIEF FROM STAY**<br><br>**Hearing Date**<br>Hearing Date:    August 28, 2013<br>Time:    9:00 a.m.<br>Courtroom:    1345 |

On August 28, 2013, at 9:00 a.m. in Courtroom 1345 of the United States Bankruptcy Court located at 255 East Temple Street, Los Angeles, CA, the continued hearing on EXB Holdings 2, LLC's, a California Limited Liability Company, as successor in interest to EH NATIONAL BANK, f/k/a/ EXCEL NATIONAL BANK's ("EXB") Motion for Relief from Stay ("Motion") came on for hearing. Robert P. Goe, Esq., of Goe & Forsythe, LLP, appeared on behalf of EXB. Daniel Brodnax, Esq., of the Law Offices of Thomas F. Knowland, appeared on

behalf of Debtor MJM Management, LLC ("Debtor").  Bradley E. Brook, Esq., appeared on behalf of interested parties Mushtag Ahmad and Marcella Stastny.

The Court, having considered EXB's Motion, Debtor's opposition ("Opposition"), oral arguments made at the hearing on August 14, 2013 and on August 28, 2013, other pleadings filed, and matters presented to the Court at these hearings, grants the Motion finding cause exists to lift the stay 30 days from entry of the stay order in this second chapter 11 case filed by Debtor this year.

The following sets forth the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure Rule 7052.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

## FINDINGS OF FACT

### The EXB Loan

1. On April 6, 2006, Debtor, as borrower, and Original Lender, as lender, entered into a Loan Agreement (the "Loan"), which is currently approximately $2,200,000, plus accrued default interest, late charges, and other fees and costs.

2. The loan is secured by a first deed of trust on the a hotel on real property located at 1770 Orchid Avenue, Los Angeles, California 90028 ("Hotel"), which is Debtor's sole asset, along with a security interest in certain collateral, including all rents, profits and issues, cash, money, deposit accounts, and other general tangible and intangible personal property from the Property.

3. On or about June 27, 2008, Debtor executed a promissory note (the "Note") made payable to Original Lender, through the U.S. Small Business Administration (the "SBA") in the face principal amount of one million, eight hundred thousand and no/100 dollars ($1,800,000.00). The Note was executed by Marcella Stastny and Mushtag Ahmad, as managing members on behalf of the Debtor.

4. On or about June 27, 2008, Debtor, as trustor and Orange Coast Title, as trustee, for the benefit of Original Lender, executed a Deed of Trust (the "Deed of Trust"), which was recorded in the Official Records of Los Angeles County, California, on July 11, 2008 as

Instrument No. 20081233579, securing a first lien position on the Hotel.  The Deed of Trust was executed by Marcella Stastny and Mushtag Ahmad, as managing members on behalf of the Debtor.

5. On or about June 27, 2008, Debtor, for the benefit of Original Lender, executed a Commercial Security Agreement in relation to the Property.  The Commercial Security Agreement was executed by Marcella Stastny and Mushtag Ahmad, as managing members on behalf of the Debtor.

6. On or about June 27, 2008, Debtor, for the benefit of Original Lender, executed a Limited Liability Company Resolution to Borrow/Grant Collateral in relation to the Property (the "LLC Resolution").  The LLC Resolution was executed by Marcella Stastny and Mushtag Ahmad, as managing members on behalf of the Debtor.

7. On or about June 27, 2008, Debtor executed a UCC Financing Statement in favor of Original Lender as secured party, filed on July 14, 2008 as filing number 08-7165251782 in the office of the Secretary of State of California.

8. On or about March 25, 2013, Original Lender executed an Allonge to the Note (the "Allonge"), in the face principal amount of one million, eight hundred thousand and no/100 dollars ($1,800,000.00).

9. On or about March 25, 2013, Original Lender executed an Assignment of Deed of Trust and Assignment of Rents in favor of EXB dated March 25, 2013 and recorded in the Official Records of Los Angeles County, California, on April 1, 2013 as Instrument No. 20130481818, assigning the Deed of Trust (the "Assignment").

10. On or about March 25, 2013, Original Lender executed a Collateral Assignment of Deed of Trust and Other Loan Documents in favor of EXB dated March 25, 2013 and recorded in the Official Records of Los Angeles County, California, on April 1, 2013 as Instrument No. 20130481819, assigning the Deed of Trust (the "Collateral Assignment").

**Other Liens Encumbering the Hotel**

11. Within two years prior to the bankruptcy filing, Debtor has encumbered the Hotel with numerous liens and deeds of trust to individuals. On July 21, 2011, Debtor provided Drew Forsyth with a deed of trust and assignment of rents to secure indebtedness in the amount of $100,000.00.

12. On July 27, 2011, Debtor provided Drew Forsyth a deed of trust to secure indebtedness in the amount of $200,000.00.

13. On January 25, 2012, Debtor provided Drew Forsyth and Karen Forsyth, husband and wife as joint tenants, with a deed of trust securing indebtedness in the amount of $50,000.00.

14. On May 3, 2012, Debtor provided Drew Forsyth and Karen Forsyth, husband and wife as joint tenants, with a deed of trust securing indebtedness in the amount of $25,000.00.

15. One week following dismissal of the Prior Bankruptcy (as defined below), on March 15, 2013, Debtor provided Drew Forsyth and Karen Forsyth, husband and wife as joint tenants, with a deed of trust securing indebtedness in the amount of $300,000.00. Notwithstanding having obtained a $300,000.00 loan, Debtor still continued to convert the Hotel rents and not pay EXB.

16. Debtor also failed to pay property taxes in the amount of $176,054.56, which EXB was required to pay to protect its lien.

**The Prior Bankruptcy and UST Motion**

17. Debtor filed a previous chapter 11 case on January 15, 2013 in the Central District of California, Los Angeles Division, Case No. 2:13-bk-11161-TD ("Prior Bankruptcy"), which was subsequently dismissed voluntarily by Debtor after the United States Trustee filed a Motion Under 11 U.S.C. § 1112(b)(1) to Convert, Dismiss or Appoint a Chapter 11 Trustee With An Order Directing Payment of Quarterly Fees and For Judgment Thereon ("UST Motion"). The UST Motion non-compliance items were as follows:

- Failure to file schedules and statement of financial affairs
- Failure to file notice of setting/increasing insider compensation
- Failure to file an application to employ attorney
- Failure to appear at the initial debtor interview and 341(a) examination
- Failure to file a declaration of debtor's compliance with UST Guidelines and Requirements
- Failure to file the real property questionnaire
- Failure to file sufficient evidence of closing all pre-petition bank accounts, debtor-in-possession accounts, insurance, proof of licenses or certificates

4

- Failure to file a list of insiders
- Failure to file a financial statement information in the chapter 11 compliance declaration
- Failure to file a projected cash flow, monthly operating reports, conformed copies of the recording of Debtor's bankruptcy petition in each county where real property is located, tax returns, an employee benefit plan questionnaire
- Failure to pay quarterly fees

18. Debtor collected rents from use of the Hotel and never obtained a cash collateral order from the Court or had consent from EXB.

19. Debtor also did not file its schedules or statement of financial affairs. Debtor did not appear at the 341(a) meeting of creditors. Debtor's attorneys also failed to file an employment application.

20. The Order dismissing the Prior Bankruptcy was entered on March 8, 2013.

**The EXB State Court Action**

21. On May 1, 2013, EXB commenced the State Court Action seeking, among other things, appointment of a receiver to monitor and safeguard the Property. At the same time the complaint was filed, EXB also filed an ex parte motion to appoint a receiver.

22. On July 24, 2013, the State Court appointed a receiver. As a result of the appointment of a receiver, Debtor filed this bankruptcy proceeding.

23. EXB also was proceeding forward with a foreclosure sale that had been scheduled for August 8, 2013.

**The Current Bankruptcy**

24. On July 24, 2013, Debtor filed the above-captioned chapter 11 bankruptcy proceeding.

25. Debtor's schedules were a travesty as they were poorly prepared and contained numerous inaccurate and false statements, which the Court required Debtor to amend.

26. Debtor did not seek to obtain Court authorization to use EXB's cash collateral until after EXB filed a Notice of Non-Consent to Use of Cash Collateral on July 30, 2013. Debtor still

does not have a cash collateral order or consent of EXB to utilize cash collateral. At the original hearing on this Motion and cash collateral motion, the case was a mess.

27. Debtor filed its Monthly Operating Report No. 1 ending July 31, 2013 ("MOR"). [Docket No. 69]. The MOR shows that Debtor's account is overdrawn and has a negative balance of ($280.22).

28. Pursuant to the MOR, Debtor has been improperly using cash collateral without permission from EXB or Court authorization to pay insiders, taking out cash, and paying professionals who have not been employed.

29. At the hearing on the Motion the Court did not have sufficient evidence to enter a cash collateral order.

30. The Pleadings filed by Debtor concerning the proposed sale and other matters deserve a failing grade, and the performance of Debtor in this and the prior case was atrocious.

31. Debtor's 2012 Profit and Loss Statement for the Hotel shows a $90,030.83 loss for 2012.

32. Pursuant to the UST, there were numerous non-compliance issues including no employment order for counsel or brokers, no evidence of recorded petition, and no evidence of closing pre-petition accounts and opening DIP accounts, all of which are a very serious concern that could result in dismissal, sanctions, and other unpleasant consequences.

## CONCLUSIONS OF LAW

1. The existence of bad faith in commencing a bankruptcy case constitutes cause for granting relief from the stay pursuant to 11 U.S.C. §362(d)(1).

2. Cause exists for granting relief from the automatic stay.

/ / /

/ / /

/ / /

3. The automatic stay will be lifted 30 days from entry of this Court's order to allow EXB to enforce all of its rights and remedies under state law, including foreclosure and seeking appointment of a state court receiver.

### 

Date: September 17, 2013

Thomas B. Donovan
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **FINDINGS OF FACT AND CONCLUSIONS OF LAW GRANTING EXB'S MOTION FOR RELIEF FROM STAY** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) September 5, 2013, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Bradley E Brook    bbrook@bbrooklaw.com, paulo@bbrooklaw.com;brookecfmail@gmail.com
- Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Thomas F Nowland    tom@nowlandlaw.com, dbrodnax@nowlandlaw.com;clcook@nowlandlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.    SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses stated below:

Debtor
MJM Management, LLC
1770 Orchid Ave
Los Angeles, CA 90028

☐ Service information continued on attached page

**3.    TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page